# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Akiva Shapiro
Direct: +1 212.351.3830
Fax: +1 212.351.6340
AShapiro@gibsondunn.com

August 4, 2025

> **MEMO ENDORSED**
>
> The Court will enter the scheduling order in both cases, over GTQX's objection.
>
> SO ORDERED.
>
> _____
> Edgardo Ramos, U.S.D.J.
> Dated: August 5, 2025
> New York, New York

**VIA ECF**

Hon. Edgardo Ramos
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re:   *Khan Funds Management America, Inc. et al. v. Nations Technologies Inc. et al.*, 22-cv-05055-ER (the "RICO Action"); *Guotaiqixing Biomedical International (S) Pte. Ltd. v. Dai*, 24-cv-03142-ER (the "Recognition Action")

Dear Judge Ramos:

Pursuant to the Court's instructions during the conference on May 1, 2025 (Dkt. No. 153) and Federal Rule of Civil Procedure 26(f), counsel for all appearing parties jointly submit this letter. Following a meet and confer held on July 2, 2025 and subsequent email exchanges, the parties were able to jointly agree upon dates for a proposed case management plan and scheduling order for the RICO Action (the "Proposed Case Management Plan"), which is attached hereto.

However, the parties disagree as to whether the Proposed Case Management Plan in the RICO Action should also apply to the Recognition Action. The parties' respective positions are set forth below. In light of the Court's Order and the parties' agreement on dates, the parties state that the parties to the RICO Action can proceed without an initial conference. As for the Recognition Action, the plaintiff in that action requests a conference to address the issue below, while the defendant suggests that the issue can be resolved through a memo endorsement.

### 1. Guotaiqixing Biomedical International (S) Pte. Ltd.'s Position[1]

GTQX does not believe that the Scheduling Order, which anticipates complex discovery from numerous parties, witnesses, and document sources in the RICO Action, should apply to the streamlined Recognition Action. GTQX is not a party to the RICO Action; it separately seeks to enforce a foreign money judgment under Article 53 of New York's Civil Practice Law and Rules, which is intended to be a streamlined proceeding to recognize foreign country money

---

[1] There is no dispute that the proposed Case Management Plan should apply to the RICO Action. Accordingly, only the parties to the Recognition Action set out their positions herein.

Abu Dhabi · Beijing · Brussels · Century City · Dallas · Denver · Dubai · Frankfurt · Hong Kong · Houston · London · Los Angeles
Munich · New York · Orange County · Palo Alto · Paris · San Francisco · Singapore · Washington, D.C.

**GIBSON DUNN**

Honorable Edgardo Ramos
August 4, 2025
Page 2

judgments that comply with that statute. GTQX takes the position that no discovery is required in the Recognition Action.

Dai has taken the position that the Recognition Action should proceed along the same schedule as the RICO Action because the Court's June 13, 2025 Order directed that. Dai ignores that (1) at the time of the June 13, 2025 Order, there was no schedule in the RICO Action in place yet, (2) Dai has not responded to the Recognition Action motion with an opposition or an answer, (2) and GTQX has moved for reconsideration of the June 13, 2025 Order, which motion is *sub judice*. In light of these three things, it is premature for the Court to order the parties to the Recognition Action to agree upon a Scheduling Order now, as it may be rendered moot by a decision on the Motion for Reconsideration. Following a decision on the motion for reconsideration, including on whether any discovery at all will be required, GTQX requests a conference be held in which the parties may further discuss with the Court any need for discovery by Dai concerning topics relevant to the limited defenses available to him in the Recognition Action, and, if appropriate, a condensed timetable for discovery in that action. Until then, GTQX asks the Court to decline to apply the Scheduling Order to the Recognition Action.

Contrary to Mr. Dai's hyperbolic assertion, GTQX has not violated any Court order or engaged in "self-help" Rather, in compliance with the Federal Rules of Civil Procedure and Local Civil Rules, it filed a motion for reconsideration to clarify an Order before proceeding.

   2. **Mr. Dai's Position**

On June 13, 2025, the Court issued an Order lifting the stay in the Recognition Action. Dkt. 30 (the "Order"). In so ordering, the Court "direct[ed] the parties to proceed with discovery ***in parallel*** with the consolidated [RICO] action," and to "file motions for summary judgment following the completion of discovery." *Id.* (emphasis added). In plain language, this Order unambiguously requires that the same schedule apply to both the RICO Action and the Recognition Action. Plaintiff disagrees that the Court ordered the parties to proceed with discovery on the same schedule in both actions, notwithstanding the plain text of the order and that Plaintiff recently filed a motion seeking reconsideration of precisely that directive. *See* Dkt. 32 (Reconsideration Br.) at 2 ("GTQX also requests reconsideration or, alternatively, modification of that portion of the June 13 Order *directing that GTQX's summary proceeding to enforce a foreign country money judgment proceed to discovery alongside Dai's claims in the RICO Action*."); *see also, e.g., id.* at 1 (noting that "[o]n June 13, 2025, the Court issued an order lifting the stay of the Recognition Action and *directing the parties in the Recognition Action to proceed to discovery in parallel with the RICO Action*"); *id.* at 2 (objecting to the Order "[d]irecting that discovery in the Recognition Action *proceed in tandem* with the RICO Action") (all emphases added).

GIBSON DUNN

Honorable Edgardo Ramos
August 4, 2025
Page 3

Defendant opposed Plaintiff's motion for reconsideration, setting out the reasons why such a motion was without basis and frivolous. Dkt. 34. But to seek baseless reconsideration of a Court order is one thing; to engage in self-help by refusing to implement that order while the reconsideration motion is pending is quite another. The Court should enforce its still standing Order unless and until the motion for reconsideration is granted—which it should not be—and apply the proposed Scheduling Order to the Recognition Action.

*    *    *

We thank the Court for its consideration of these issues.

Respectfully Submitted,

| | |
|---|---|
| /s/ Victoria V. Corder | /s/ Akiva Shapiro |
| Victoria V. Corder | Akiva Shapiro |
| | |
| *Counsel for Nations Technologies, Inc., Nations Technologies (USA) Inc., Shenzhen Qianhai National Industry Investment Co., Ltd. f/k/a Shenzhen Qianhai Nations Investment Management Co. Ltd., Shenzhen Guotaiqixing Industry Investment Fund Centre (Limited Partnership), and Guotaiqixing Biomedical International (S) Pte. Ltd.* | *Counsel for Khan Funds Management America, Inc. and Xuefeng Dai* |

/s/ Minyao Wang
Minyao Wang

*Counsel for Zhaoxue Luo and Junee Yu*

/s/ Jason L. Liang
Jason L. Liang

*Counsel for Yingtong Sun and Baoxin Huang*