UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GUOTAIQIXING BIOMEDICAL
INTERNATIONAL (S) PTE. LTD.,

                Plaintiff,

       – against –

XUEFENG DAI,

                Defendant.

**OPINION & ORDER**

24-cv-03142 (ER)

RAMOS, D.J.:

Before the Court is Guotaiqixing Biomedical International (S) Pte. Ltd.'s ("GTQX's") motion for reconsideration or clarification, and Xuefeng Dai's request for attorneys' fees in connection with that motion. For the reasons set forth below, GTQX's motion is GRANTED in part and DENIED in part. Dai's request for attorneys' fees is also DENIED.

## I.    BACKGROUND

The Court assumes familiarity with the facts as set forth in its previous opinion, *Guotaiqixing Biomedical International (S) Pte. Ltd. v. Dai*, No. 24-CV-03142 (ER), 2024 WL 4815982, at *1–2 (S.D.N.Y. Nov. 18, 2024), and recites only the relevant procedural history.

GTQX initiated this action in March 2024 by filing a motion for summary judgment in lieu of complaint in New York state court. *See* Doc. 1-1 at 2. In the motion, GTQX sought recognition of a foreign judgment pursuant to Article 53 of New York's Uniform Foreign Country Money Judgment Act ("Article 53"), N.Y. C.P.L.R. § 5301 *et seq*. *See* Doc. 1-4 at 354. Dai removed the case to federal court in April 2024. Doc. 1. The Court subsequently denied GTQX's motion to remand the case back to state court and consolidated this action with a related case, *Khan Funds Management America, Inc.*

*et al. v. Nations Technologies Inc. et al.*, No. 22-cv-05055 (ER), on November 18, 2024. Doc. 16 at 13–14.

At the request of the parties, this case was stayed on January 8, 2025, to allow for the resolution of a motion in a related case pending in Florida state court.  Doc. 24, 25. On June 4, 2025, the parties filed a joint letter reporting that the Florida court had denied the motion and requesting that the Court lift the stay.  Doc. 29 at 1.  The parties also offered competing requests regarding the appropriate course of action once the stay was lifted.  Doc. 29 at 1.

GTQX requested that the Court convert its motion for summary judgment in lieu of complaint into a motion for summary judgment and set a briefing schedule.  *Id.* at 1–3. It also argued that the Court should consider the motion for summary judgment without discovery—or, "at the very least," require that Dai show that he is entitled to discovery pursuant to Rule 56(d).  *Id.* at 2; *see* Fed.R.Civ.P. 56(d) (allowing a court to "take discovery" where "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition").

Dai, by contrast, requested that "discovery proceed in parallel in the two consolidated actions before motions for summary judgment are made, following the completion of discovery, by all parties who so wish to move in both actions."  *Id.* at 3. He noted in that regard that a motion for summary judgment in lieu of complaint is a procedural device that does not exist in federal court, and that, in general, pre-discovery motions for summary judgment are disfavored.  *Id.*  And he argued that a pre-discovery motion was particularly inapt in this case because he is entitled to discovery regarding his defenses and "will be pursuing the same discovery in the consolidated action."  *Id.*

In response to the joint letter, the Court issued an order on June 13, 2025 (the "Order").  Doc. 30.  Per the parties' joint request, the Court lifted the stay.  *Id.*  It also "direct[ed] the parties to proceed with discovery in parallel with the consolidated

action[,] and file motions for summary judgment following the completion of discovery." *Id.* at 1 (citation omitted).

GTQX moved for the Court to reconsider or clarify the Order on June 27, 2025 (the "Motion"). Doc. 32. Specifically, GTQX asks that the Court "either (i) direct Dai to oppose [its] motion for summary judgment and then decide the motion or (ii) clarify that the Court has denied the motion without prejudice, deemed the motion to be a complaint, and order Dai to file an answer." *Id.* at 8. And "if the Court clarifies that it has denied without prejudice GTQX's motion for summary judgment," GTQX also "requests reconsideration of the Court's decision to order that discovery [in this action] proceed in parallel with" the consolidated case. *Id.* at 10. Dai filed his opposition to the Motion on July 18, 2025. Doc. 34. In doing so, Dai also requested that the Court order sanctions against GTQX, in the form of attorneys' fees, for its filing of the Motion. *Id.* at 9–11. GTQX filed its reply on July 25, 2025. Doc. 36.[1]

## II.    LEGAL STANDARD

Local Rule 6.3 allows parties to file motions for reconsideration. Loc.Civ.R. 6.3. The standard for granting a motion for reconsideration, however, is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). Thus, "[a] motion for reconsideration should be granted only when the [movant] identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir.

---

[1] In its reply, GTQX argues that Dai's opposition violates Local Civil Rule 6.3 because it "exceeds the word limit" by approximately four hundred words and "appends a declaration without permission from the Court." Doc. 36 at 2–3. GTQX contends that, because of these violations, the Court "should disregard Dai's response" entirely. *Id.* at 2. But because GTQX does not identify any authority that suggests that disregarding Dai's opposition under these circumstances would be appropriate, the Court declines to do so.

2013) (quoting *Virgin Atlantic Airways, Ltd. v. National Mediation Board*, 956 F.2d 1245, 1255 (2d Cir. 1992)).  At bottom, a motion for reconsideration "is not an opportunity to present 'new facts, issues[,] or arguments not previously presented to the court.'" *SimplexGrinnell LP v. Integrated Systems & Power, Inc.*, 642 F. Supp. 2d 206, 210 (S.D.N.Y. 2009) (quoting *Maalouf v. Salomon Smith Barney, Inc.*, No. 02 Civ. 4770, 2004 WL 2782876, at *1 (S.D.N.Y. Dec. 3, 2004)).

III.   **DISCUSSION**

   **A. The Motion for Summary Judgment in Lieu of Complaint**

   GTQX's first ground for reconsideration centers around the Order's treatment of its motion for summary judgment in lieu of complaint.  A motion for summary judgment in lieu of complaint is a procedural device permitted in New York state courts pursuant to N.Y. C.P.L.R. § 3213.   It "allows actions based upon an instrument for the payment of money only to be commenced with a motion for summary judgment rather than a complaint [and] provides a speedy and effective means for resolving presumptively meritorious claims." *Banco Popular North America v. Victory Taxi Management, Inc.*, 806 N.E.2d 488, 490 (N.Y. 2004).

   "Because C.P.L.R. [§] 3213 is a procedural rule, 'the regime of the Federal Rules replace[s] that of § 3213' upon removal to federal court." *Spahn v. Spahn*, No. 24 CIV. 4035 (ER), 2025 WL 835962, at *2 (S.D.N.Y. Mar. 14, 2025) (quoting *UBS AG, London Branch v. Greka Integrated, Inc.*, No. 21-1385-CV, 2022 WL 2297904, at *2 (2d Cir. June 27, 2022)).  Thus, upon removal to federal court, a court may convert a motion for summary judgment in lieu of complaint to a motion for summary judgment, *see id.*, or treat the motion as a complaint, *see Com/Tech Communication Technologies, Inc. v. Wireless Data Systems, Inc.*, 163 F.3d 149, 151 (2d Cir. 1998) (noting that whether to "deem" a motion for summary judgment in lieu of complaint "to be [a] complaint" is a "matter that remains within the sound discretion of the district court"); *Hack v. Stang*, No.

4

13-CV-5713 (AJN), 2014 WL 4652596, at *1 n.1 (S.D.N.Y. Sept. 18, 2014) (deeming a motion for summary judgment in lieu of complaint to be a complaint).

GTQX argues that the Court should reconsider or clarify the Order because "it is unclear . . . whether [its] motion for summary judgment in lieu of complaint was denied or converted to a complaint." Doc. 32 at 8. In advancing this argument, GTQX concedes that the Court was permitted to treat the motion as a motion for summary judgment or a complaint. *See id.* at 1 (arguing that "[e]ither option would be procedurally proper"); *id.* at 7–8 (requesting either course of action). But it argues that, if the motion was converted to a motion for summary judgment and denied, that denial was erroneous because Dai neither opposed the motion nor presented any genuine issue of material fact. *Id.* at 7–8. And GTQX argues that, if the Court treated the motion as a complaint, then it should clarify that it did so explicitly and require that Dai file an answer. *Id.* at 8.

The Order "directs the parties to proceed with discovery in parallel with the consolidated action, and file motions for summary judgment following the completion of discovery." Doc. 30 at 1 (citation omitted). Given the arguments advanced by the parties in their joint letter, the Court is skeptical of GTQX's claim that the Order is ambiguous. *Cf. United States v. Lung Fong Chen*, 393 F.3d 139, 147 (2d Cir. 2004) ("A statement in an opinion must be read in the light of the facts and contentions to which it is addressed." (quoting *United States v. Docherty*, 468 F.2d 989, 995 (2d Cir. 1972))). But to extent that the Order needs clarification, the Court will make its directive explicit: GTQX's request to convert its motion for summary judgment in lieu of complaint to a motion for summary judgment is denied without prejudice to renewal after the completion of discovery; the motion will instead be treated as a complaint. Dai is directed to respond within fourteen days of this order.

**B. Parallel Discovery with the Consolidated Action**

GTQX next asks the Court to reconsider its decision to order "the parties to proceed with discovery in parallel with the consolidated action." Doc. 30 at 1; *see* Doc.

32 at 10. As GTQX recognizes, this aspect of the Order requires GTQX to "delay re-filing its motion for summary judgment until the completion of discovery in the [consolidated action]." Doc. 32 at 10.

In the joint letter, GTQX argued that delaying its summary judgment motion for parallel discovery would be "inconsistent" with the New York legislature's intent to promote "efficient" and "streamlined" Article 53 proceedings. Doc. 29 at 2. In the Motion, GTQX reiterates this argument and cites to additional cases as support. *See* Doc. 32 at 8–10.[2] But because these cases were decided before the filing of the joint letter, they cannot represent an "intervening change of controlling law." *Kolel Beth Yechiel Mechil of Tartikov*, 729 F.3d at 104. Nor does GTQX contend that the newly cited authorities demonstrate "the need to correct a clear error or prevent manifest injustice." *Id.* Thus, the Court is not persuaded to reconsider its ruling on that basis.

In urging reconsideration of the Order, GTQX does also argue that it "will be prejudiced by having to delay re-filing its motion for summary judgment until completion of discovery in the [consolidated] [a]ction concerning many topics that are irrelevant to the" instant action. Doc. 30 at 10. It is not clear whether, in advancing this argument, GTQX means to assert an additional ground for reconsideration based on the differences in the scope of discovery in the two actions. *Id.* But to the extent that GTQX does mean to raise an independent ground for reconsideration, the Court notes that GTQX failed to raise this argument in the joint letter. Moreover, GTQX failed to do so notwithstanding Dai's contention, in the same letter, that discovery should "proceed in parallel . . . before motions for summary judgment are made" precisely because he "already will be pursuing the same discovery in the consolidated action." *Id.* Thus, the Court declines to consider this newly advanced argument, to the extent GTQX means to raise it. *See*

---

[2] GTQX also contends that Dai should be required to show that he is entitled to discovery pursuant to Rule 56(d). Doc. 32 at 9–10. But because the Court has deemed the motion for summary judgment in lieu of complaint to be a complaint, Rule 56(d) does not apply.

*SimplexGrinnell*, 642 F. Supp. 2d at 210 ("[A] motion for reconsideration is not an opportunity to present 'new facts, issues[,] or arguments not previously presented to the court.'" (quoting *Maalouf*, 2004 WL 2782876, at *1)).[3]  GTQX's motion to reconsider this aspect of the Order is therefore denied.

### C. The Attorneys' Fees Request

In his opposition, Dai requests that the Court award him attorneys' fees in connection with GTQX's filing of the Motion.  Doc. 34 at 9–11.  But because Dai's request fails to provide "notice of the source of the authority for the requested sanctions," sanctions are inappropriate.  *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 334 (2d Cir. 1999); *see also Truong v. Hung Thi Nguyen*, 503 F. App'x 34, 35 (2d Cir. 2012).[4]  Dai's request for attorneys' fees is therefore denied.

### IV.   CONCLUSION

For the reasons set forth above, the Court thus GRANTS GTQX's motion insofar as it seeks clarification that the motion for summary judgment in lieu of complaint was deemed a complaint but otherwise DENIES GTQX's request for reconsideration.  Dai's request for attorneys' fees is also DENIED.

Dai is directed to answer the complaint by February 27, 2026.

The Clerk of Court is respectfully directed to terminate the motion, Doc. 31.

---

[3] Even if the Court considered this argument, GTQX does not explain why the Court should credit its contention that discovery in the consolidated case will necessarily take longer than discovery in the instant case.  It merely asserts, in a perfunctory manner, that discovery in the consolidated case "concern[s] many topics that are irrelevant to the" instant action.  Doc. 30 at 10.  But, as Dai notes, the Court consolidated the two actions precisely because they "involve common issues of law and fact and many of the same parties." Doc. 16 at 14; *see* Doc. 34 at 9.  And GTQX develops no argument as to why, notwithstanding this overlap, there is reason to believe that discovery will be more quickly or easily obtained in this case.  Thus, any such argument is waived.  *See United States v. Delgado*, 149 F.4th 244, 249 (2d Cir. 2025) (noting that courts "ordinarily decline to consider arguments that are raised in a conclusory fashion or made only in passing").

[4] To the extent that Dai means to invoke Rule 11, he has not shown that he has complied with its "safe harbor" requirement.  *See Perpetual Securities, Inc. v. Tang*, 290 F.3d 132, 142 (2d Cir. 2002); Fed.R.Civ.P. 11(c)(2).

It is SO ORDERED.

Dated:   February 13, 2026
         New York, New York

_____
EDGARDO RAMOS, U.S.D.J.

8