# MEMO ENDORSED

February 24, 2026          at page 4

# NORTON ROSE FULBRIGHT

Norton Rose Fulbright US LLP
1301 Avenue of the Americas
New York, New York  10019-6022
United States of America

**VIA ECF**

**Victoria V. Corder**
**Partner**
Direct line +1 212 408 5457
victoria.corder@nortonrosefulbright.com

Hon. Judge Edgardo Ramos
United States District Court
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

Re:    *Guotaiqixing Biomedical International (S) Pte. Ltd. v. Dai*, No.  24-cv-03142-ER –
       **Emergency Motion to Compel Responses to Three Expedited Interrogatories, to
       Document Requests, and to Enter the Proposed Revised Scheduling Order**

Dear Judge Ramos:

On behalf of Guotaiqixing Biomedical International (S) Pte. Ltd. ("GTQX"), we submit this pre-motion letter, on an emergency basis, requesting a conference (or order in lieu thereof) to compel Xuefeng Dai ("Dai") to respond to three interrogatories, under oath, on or before the closing of the sale of 6300 Riverside Drive, Parkland FL; to respond to document requests; and to enter a revised scheduling order in the GTQX Recognition action (03142), to which Khan Funds is not a party.

At the February 17, 2026 hearing on the motion for attachment, the Court ordered that there would be "some expedited discovery directed to Mr. Dai's assets." *See* Ex. 1, at 24:19-22.  Further, the Court directed that after Mr. Dai files his answer on February 27 (*see* Dkt. 27), that "the parties can submit on consent a discovery order, and you can allow, in that discovery order, for some targeted discovery concerning Mr. Dai's assets. . .  And, in that way, we can at least further develop the record to see whether or not there is anything untoward going on."  *See id.* 24:23-25:06.  The Court also directed that the parties enter into a protective order (*id*. 25:02-04), which they did many months ago.  Mr. Dai and Khan Funds have also served 578 discovery requests and 33 interrogatories seeking information about their claims and defenses, including in the Recognition Action, even though they had not filed an answer. *See generally* Dkt. 241 (appending numerous parties' responses and objections to Dai and Khan Funds' requests).

Thereafter, on February 20, 2026, GTQX sent to Mr. Dai a proposed amended scheduling order that added Mr. Dai's deadline to answer the complaint and added a window for asset discovery within the already-existing window for fact discovery (which began on September 22, 2025 and continues through this coming October).  GTQX did not otherwise modify the deadlines.  *See* Ex. 5.

GTQX also served three expedited interrogatories on Dai asking for very narrow information concerning only the proceeds of the sale of 6300 Riverside Drive, Parkland, FL (the "Florida House").  GTQX sought a response by February 26, 2026, so that the information would be received in advance of the anticipated date for the closing of the sale of the Florida House.  Dai has repeatedly represented to the Court that the sale of the Florida House will close on February 28, 2026.  *See* RICO Dkt. 241 at 13.

Norton Rose Fulbright US LLP is a limited liability partnership registered under the laws of Texas.

Norton Rose Fulbright US LLP, Norton Rose Fulbright LLP, Norton Rose Fulbright Australia, Norton Rose Fulbright Canada LLP and Norton Rose Fulbright South Africa Inc are separate legal entities and all of them are members of Norton Rose Fulbright Verein, a Swiss verein. Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal services to clients. Details of each entity, with certain regulatory information, are available at nortonrosefulbright.com.

Hon. Judge Edgardo Ramos
February 24, 2026
Page 2

NORTON ROSE FULBRIGHT

Mr. Dail failed to respond to the email.  Instead, he filed on Monday, February 23 a motion seeking to extend all deadlines for him personally in both the RICO (05055) and GTQX Recognition (03142) Actions, including his deadline to answer the complaint in the GTQX Recognition Action set forth in Dkt. 27, any and all discovery obligations in both actions, and specifically, including the asset discovery ordered by the Court to take place on February 17 on an "expedited" basis.  Given Dai's clear stance, any further meet and confer with him alone would be futile and would risk prejudicing GTQX's rights, as Dai plans to use his pending request for an extension of all deadlines as a way to shield himself from having to defend or litigate his claims in both actions, including participating in asset discovery into the Florida House and otherwise.

Mr. Dai has also refused to respond to document requests directed to him that were served on January 21, 2026, and also concern the sale of the Florida House.  Similarly, as he has point blank refused to respond given his pending motion to extend deadlines, any attempt to meet and confer would be futile.

## I.    RELEVANT BACKGROUND

On June 13, 2025, the Court entered a scheduling order in both the RICO and GTQX Recognition Actions, over GTQX's objections, including but not limited to arguments that discovery was unnecessary or at least significantly narrower in the Recognition Action and should have a shorter schedule, and that an answer in the Recognition Action should be filed before a discovery schedule is entered.  Dkts. 30, 38. The parties, through counsel, also heavily negotiated a two-tiered protective order and ESI protocol, which were so-ordered on October 27, 2025 and December 16, 2025.  Dkts. 215, 224.

On September 22, 2025, Mr. Dai and Khan Funds, through counsel, served consolidated discovery requests on the RICO defendants, RICO counterclaimants, and GTQX.  In total, they served 578 document requests and 33 interrogatories.  Their requests concern, among other things, anticipated defenses in the GTQX Recognition Action.

On January 13, 2026, following Gibson Dunn's withdrawal, the Court extended the scheduling order deadlines for Khan Funds by 60 days.  Dkt. 230.  Khan Funds is not a party to the GTQX Recognition Action.  Also on January 13, 2026, Dai informed undersigned counsel that he planned to sell the Florida House.

On January 21, 2026, the RICO Defendants and Counterclaimants served a Second Set of Requests for Production on Mr. Dai individually, who had by then filed a notice of appearance pro se.  *See* Ex. 2.  The Second Set of Requests seek information about the sale of the Florida House and responses were due on February 20, 2026 under the Federal Rules.  *See* Ex. 3.

On January 21, 2026, Dai replied stating that he would not respond due to a "foundational defect" in the definition of "Khan Entities".  Ex. 2 at 6.  Undersigned counsel explained that FRCP 34(b)(2)(B) and (C) obligate him to respond to the requests notwithstanding an objection to a definition used in one of the Requests.  *See id.*.

On February 17, 2026, the Court held a hearing on GTQX's motion for attachment and ordered that expedited discovery into Mr. Dai's assets take place.  The Court's relevant language is set

Hon. Judge Edgardo Ramos
February 24, 2026
Page 3

NORTON ROSE FULBRIGHT

forth in the second paragraph of this letter on p. 1.  Dai failed to respond to the Second Set of Requests by February 20, 2026.

On February 20, 2026, GTQX served Dai three expedited interrogatories seeking information about the sale of the Florida House to ensure the asset is not dissipated immediately following the sale.  *See* Ex. 6.  GTQX sought a response by February 26, 2026 as the sale is expected to close on February 28, 2026.  *See* Ex. 4.  In compliance with the Court's directive to send a revised order on consent permitting asset discovery, GTQX also sent Mr. Dai a proposed amended scheduling order adding time for expedited asset discovery.

Rather than respond, Dai filed a letter-motion on February 23, 2026, requesting, *inter alia*, "a limited adjournment of [his] obligations to respond to discovery and appear for deposition, including any 'expedited' sworn discovery deadlines demanded unilaterally by GTQX via correspondence."  *See* Dkt. 264 at 1.

On February 20, 2026, Mr. Dai filed a motion for an extension of deadlines in the scheduling order of both actions and an extension of his deadline to answer the GTQX complaint.

Also on February 23, 2026, undersigned counsel emailed Dai requesting Dai's written responses to the outstanding Second Set of Requests as soon as possible.  *See* Ex. 2 at 2.  Dai responded, stating that he has "filed a letter-motion seeking leave to retain counsel and a date-certain adjournment of discovery obligations today . . . Pending the Court's decision, I am not providing substantive RFP responses or productions."  *Id*.

On February 24, 2026, the Court granted Dai's motion to extend deadlines in part.  Dkt. 79.  The Court extended Dai's deadline to answer the complaint in the Recognition Action and extended Khan Funds' existing stay of deadlines, each to April 13, 2026.  *Id*.

## II.  ARGUMENT

As it concerns the expedited interrogatories, they are highly limited to information needed to protect GTQX against the dissipation of the Florida House proceeds after the sale.  The Court has already ordered expedited asset discovery.  This discovery, unlike more expansive asset discovery, cannot wait until after the sale takes place, because the answers may require GTQX to file a motion for attachment to prevent the dissipation of assets.  Answers are required before the sale of the Florida House.  There is an existing protective order with two tiers entered into the case.  There should be no concerns about producing this information under the appropriate confidentiality designation if need be.  *See* RICO Dkt. 216 (including GTQX as a party).

While Dai now claims that the closing may not take place on February 28, 2026, undersigned counsel is not aware of any documents that actually state that.  To the contrary, Ex. 2 to Dai's motion for a preliminary injunction makes clear the sale is expected to close on February 28, 2026.  *See* RICO Dkt. 241 at 13.

As it concerns the Second Set of Discovery Requests, Dai should be compelled to respond to them and produce all documents as he has waived his right to object.  *See Rahman v. Smith & Wollensky Restaurant Group, Inc.*, No. 06 Civ. 6198, 2007 WL 1521117, at *3 (S.D.N.Y. May 24, 2007) ("Given the absence of a valid explanation for the defendant's failure to serve its objections

NORTON ROSE FULBRIGHT

in a timely manner, ... a finding of waiver is appropriate."). Like the expedited interrogatories, all of these requests concern the Florida House asset, and the Court has expressly ordered expedited asset discovery now.  *See* Ex. 1, at 24:23-25:06.

Dai cannot relieve himself of his discovery obligations under the Federal Rules by virtue of his pro se status, which he alone chose to pursue.  "While a pro se litigant's pleadings must be construed liberally, ... pro se litigants generally are required to inform themselves regarding procedural rules and to comply with them."  *Edwards v. INS*, 59 F.3d 5, 8 (2d Cir. 1995); *see also Rouse v. Transworld Sys., Inc.*, No. 24-CV-8123 (NG), 2025 WL 3537377, at *6 (E.D.N.Y. Dec. 10, 2025) (dismissing case for failure to prosecute where pro-se plaintiff had not responded to court's orders in three months and only filed documents seeking extension of time to find new counsel).

Finally, as it concerns the proposed amended scheduling order, it should be entered as it complies with the Court's directives on February 17, 2026 and makes clear that GTQX can take expedited asset discovery now and expect responses.

For all these reasons, GTQX requests a conference to compel Dai's responses on an emergency basis to three interrogatories prior to February 28, 2026, to compel Dai's responses to the Second Set of Requests, and to enter the proposed amended scheduling order permitting expedited asset discovery, or an order in lieu thereof, or, alternatively, permission to file an expedited motion to compel.

Respectfully Submitted,

*/s/ Victoria V. Corder*
Victoria V. Corder

*Counsel for Guotaiqixing Biomedical
International (S) Pte. Ltd.*

Attachments

cc:    Counsel of Record via ECF
        Xuefeng Dai via ECF

Mr. Dai is directed to respond by 5 p.m. on February 26, 2026.  The parties are further directed to appear for an in-person conference on February 27, 2026, at 11 a.m., in Courtroom 619 of the Thurgood Marshall Courthouse, 40 Foley Square, New York, New York 10007.  Mr. Dai is also instructed to bring an interpreter.

SO ORDERED.

Edgardo Ramos, U.S.D.J.
Dated: February 25, 2026
New York, New York